Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Andrew Grundman

*[Attorneys Continued on Following Page]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GRUNDMAN, individually, and on behalf of all other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOCAL LIGHTHOUSE CORP., a California corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>(1)   Violation of 47 U.S.C. § 227 *et seq.* (Telephone Consumer Protection Act)<br><br>**Jury Trial Demanded As to All Claims So Triable** |

1  Bassil A. Hamideh (SBN: 261233)
   The Hamideh Firm, P.C.
2  1801 Century Park East, Suite 2400
   Los Angeles, California 90067
3  Telephone: (310) 556-9687
   Facsimile: (310) 733-5699
4  E-mail: bhamideh@hamidehfirm.com

Attorney for Plaintiff Andrew Grundman

**NATURE OF THE ACTION**

1. This class action is brought under Federal Rule of Civil Procedure 23. Plaintiff seeks damages, including interest, injunctive relief, attorneys' fees and costs, and all other legal or equitable relief resulting from the illegal actions of LOCAL LIGHTHOUSE CORP. ("Defendant") in negligently and/or knowingly and/or willfully contacting Plaintiff and class members on their personal cellular telephones and/or landlines without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

2. In 1991, Congress enacted the TCPA to respond to a growing number of consumer complaints about telemarketing. The TCPA was enacted to regulate, among other things, the use of automated telephone equipment and the use of automated voice messages to make non-emergency telephone calls to consumers without their prior express consent. These types of unsolicited and unauthorized telephone calls are inconvenient, bothersome, annoying, harassing, and can be costly to consumers.

3. Pursuant to the TCPA, using any automatic telephone dialing system or an artificial or pre-recorded voice to make non-emergency telephone calls is prohibited unless the consumer has given prior express consent. Indeed, the Federal Communications Commission ("FCC") has consistently reiterated in its 2012 Report and Order and Declaratory Rulings that auto-dialed or pre-recorded telephone calls to a cellular telephone number are prohibited unless made with "prior express consent" of the consumer. *See e.g.*, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278 (Feb. 15, 2012). Furthermore, the FCC expressly eliminated the "established business relationship exemption" for pre-recorded telemarketing calls to residential lines. *Id.*

4. Plaintiff and class members each received one or more non-emergency telephone calls from Defendant via an automatic telephone dialing system and/or an artificial or pre-recorded voice to Plaintiff and class members' cellular telephones and/or landlines (sometimes referred to herein as "unsolicited robocalls"). Plaintiff and class members did not give prior express consent to receive these telephone calls.

5. Plaintiff, individually and on behalf of all class members, seeks all available remedies as set forth below to recover damages, obtain restitution, and to enjoin Defendant's unlawful business practices.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as Plaintiff has pleaded a violation of federal statute 47 U.S.C. § 227 *et seq.*

7. This Court has personal jurisdiction over Defendant because it is authorized to do business, and currently does business, in this State.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful acts alleged, including the unauthorized phone calls, occurred in this District.

## PARTIES

9. Andrew Grundman is a California citizen who resides in Sacramento, California.

10. Defendant LOCAL LIGHTHOUSE CORP. is incorporated in the State of California and is headquartered in Tustin, California. LOCAL LIGHTHOUSE CORP. is authorized to do, and in fact does, substantial business in the State of California.

11. Whenever, in this Complaint, reference is made to any act, deed, or conduct of Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendant.

## FACTUAL BACKGROUND

12. Defendant describes itself as offering "Internet Marketing and Search Engine Optimization" services to companies nationwide and claims to be "the fastest growing internet marketing company in the nation."

13. On information and belief as part of their marketing efforts and in connection with their day-to-day business operations, Defendant has engaged in a systematic practice of using automatic telephone dialing systems and/or artificial or pre-recorded voices to contact

1  consumers on their personal cellular telephones and/or landlines. On information and belief,
2  consumers receive an unsolicited robocall from Defendant to their personal cellular
3  telephones, claiming that it was Google and that a business listing or service should be
4  purchased at a reduced price.

5      14.     Defendant's conduct is illegal and violates the TCPA.

6      15.     Accordingly, Plaintiff seeks actual and/or compensatory damages,
7  restitutionary and equitable relief, costs and expenses of litigation, attorneys' fees and all
8  other available relief for Plaintiff and Class Members.

## PLAINTIFF'S FACTS

10      16.     Andrew Grundman currently resides in Sacramento, California.

11      17.     Suddenly and without notice, on or about March 30, 2015, Plaintiff received a
12  telephone call on his personal cellular telephone from Defendant regarding its services for
13  sale. Defendant's phone call came from (916) 459-4848 and used an artificial pre-recorded
14  voice. On information and belief, Defendant's phone call was made to Plaintiff using an
15  automatic dialing system. The pre-recorded voice informed Plaintiff that it was calling from
16  Google and solicited Plaintiff to purchase a business listing or service at a reduced price,
17  among other things. Defendant's phone call was not made for emergency purposes.

18      18.     At no time prior to receiving Defendant's unsolicited robocall did Plaintiff
19  provide Defendant prior express consent to contact him. Because Defendant's phone call was
20  pre-recorded, Plaintiff had no ability to request that the calls end or voice his complaints about
21  the call to a live person at that time.

22      19.     Plaintiff, on behalf of himself and on behalf of all class members seeks all
23  available remedies as set forth below to recover actual and statutory damages, attorneys' fees
24  and costs of suit, and to enjoin Defendant's unlawful business practices.

## CLASS ACTION ALLEGATIONS

26      20.     Plaintiff brings this action, individually and on behalf of all others similarly
27  situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28      21.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

>All persons residing in the United States who, within four years prior to the filing of Plaintiff's original complaint in this action, received one or more non-emergency calls on their cellular telephone and/or landline from Defendant using any automatic telephone dialing system or an artificial pre-recorded voice.

22. Excluded from the Class are Defendant, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

23. Plaintiff reserves the right to amend the Class definition and to add subclasses if discovery and further investigation reveal such action appropriate.

24. This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.  As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

25. The exact number of Class Members is presently unknown, but given published reports regarding Defendant's sales, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

26. This action involves common questions of law and fact, including the following:

    (a) Whether Defendant made and is making non-emergency telephone calls to Plaintiff's and class members' cellular telephones using an automated telephone dialing system, pre-recorded voices, and/or artificial voices;

    (b) Whether Defendant made and is making non-emergency telephone calls to Plaintiff's and class members' landline telephones using an automated telephone dialing system, pre-recorded voices, and/or artificial voices;

    (c) Whether Defendant can meet its burden of showing that they obtained

       prior express consent to make such calls;

  (d)  Whether Defendant's conduct was knowing and/or willful;

  (e)  Whether Defendant violated the TCPA, 47 U.S.C. § 227 *et seq.*

  (f)  Whether Plaintiff and Class Members are entitled to legal and/or equitable relief, and the amount and nature of such relief; and

  (g)  Whether Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

27. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class all received one or more non-emergency telephone calls from Defendant on their personal cellular telephones and/or landlines, without having given prior express consent, and which were made using an automated telephone dialing system and/or a pre-recorded or artificial voice.

28. Plaintiff will adequately protect the interests of the Class and has retained counsel experienced in consumer class action litigation. Plaintiff has no interests that are adverse to or conflict with those of the Class. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class actions on behalf of consumers.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the amount suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

30. In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

  (a)  The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible

standards of conduct for Defendant;

  (b) The prosecution of separate actions by individual Class Members would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

  (c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to Class Members on a mandatory, class-wide basis.

31. Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## Violation of the Telephone Consumers Protection Act

### (47 U.S.C. § 227)

32. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

33. The TCPA, 47 U.S.C. § 227 subsection (b)(1) provides:

> **(b) Restrictions on use of automated telephone equipment**
> **(1) Prohibitions**
>  It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>  **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>  **(i)** to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
>  **(ii)** to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar

establishment; or

    **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

    **(B)** to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

37. The TCPA provides a private right of action to consumers, including Plaintiff, who have suffered a violation as follows:

> **(3) Private right of action**
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> **(C)** both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

38. As set forth above, Defendant has committed numerous negligent, knowing, and/or willful violations of the TCPA, 47 U.S.C. § 227 subsection (b)(1) as to Plaintiff and Class Members.

39. Defendant has engaged in a pattern of making non-emergency telephone calls to Plaintiff and Class Members' cellular telephones and/or landlines using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

40. Plaintiff and Class Members have not provided Defendant with prior express consent to make such calls.

41. Accordingly, Plaintiff is entitled to pursue a private right of action on behalf of

himself and Class Members for statutory damages, injunctive relief, and all other legal and equitable relief as appropriate.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. An order certifying this case as a class action and appointing Plaintiff as class representative and Plaintiff's counsel as class counsel;

2. An order directing Defendant to cease and desist from the illegal telephone calls alleged in this complaint;

3. An order enjoining Defendant from continuing the unlawful practices alleged herein;

4. An order awarding Plaintiff and Class Members the greater of actual or statutory damages in an amount according to proof at trial;

5. An order awarding treble damages to the extent Defendant's conduct as alleged herein was done knowingly or willfully;

6. An order awarding pre- and post-judgment interest for the appropriate claims;

7. An order awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

8. For such other and further relief as the Court deems just and proper.

Dated:  April 16, 2015                    Respectfully submitted,

                                          Capstone Law APC

                                          By: _____
                                              Jordan L. Lurie
                                              Robert Friedl
                                              Tarek H. Zohdy
                                              Cody R. Padgett

                                          Attorneys for Plaintiff Andrew Grundman

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  April 16, 2015                    Respectfully submitted,

                                          Capstone Law APC

                                          By: _____
                                              Jordan L. Lurie
                                              Robert Friedl
                                              Tarek H. Zohdy
                                              Cody R. Padgett

                                          Attorneys for Plaintiff Andrew Grundman